USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/11/2021__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

OMAR DIAZ PALMER,
                           Defendant.

No. 14 CR 788 (NSR) (01)

ORDER

NELSON S. ROMÁN, United States District Judge:

On December 19, 2018, the Defendant Omar Diaz Palmer pled guilty to one count of conspiracy to distribute 500 grams or more of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). (Minute Entry dated December 19, 2018.) On September 11, 2019, this Court sentenced the defendant to 80 months' imprisonment to be followed by four years of supervised release. (ECF No. 110.) On March 19, 2021, CJA counsel was appointed for the limited purpose of filing a motion for compassionate release. (ECF No. 112.) On March 21, 2021, Defendant filed a pro se motion for compassionate release. (ECF No. 115.) On April 18, 2021, a second motion for compassionate release was filed by CJA counsel. (ECF No. 119.) The Government opposed the motions. (ECF No. 120.) For the reasons that follow, Defendant's motions for compassionate release are DENIED.

**LEGAL STANDARD**

18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify or reduce the terms of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). A court must find that "extraordinary and compelling reasons warrant such a reduction" and that

"such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i). A court must also consider the factors set forth in section 3553(a) to the extent that they are applicable. *Id.* § 3582(c)(1)(A).

"The authority to define 'extraordinary and compelling reasons' has been granted to the United States Sentencing Commission, which has defined that term at U.S.S.G. § 1B1.13, comment n.11." *United States v. Zukerman*, 16 Cr. 194 (AT)2020 WL 1659880, at *5 (S.D.N.Y. Apr. 3, 2020) (citing *United States v. Ebbers*, No. 02 Cr. 11443, 2020 WL 91399, at *4-5 (S.D.N.Y. Jan. 8, 2020)). "Relevant here, the Commission's policy statement and its corresponding commentary . . . . state that a court may reduce a sentence for 'extraordinary and compelling reasons,' including where the defendant is 'suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'" *United States v. Hernandez*, No. 18 Cr. 834-04 (PAE), 2020 WL 1684062, at *2 (S.D.N.Y. Apr. 2, 2020) (quoting U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A)). The defendant must also not be "a danger to the safety of any other person or to the community," and "the reduction must be consistent with [the Commission's] policy statement." *United States v. Ramos*, No. 14 Cr. 484 (LGS), 2020 WL 165812, at *1 (S.D.N.Y. Apr. 7, 2020) (citing U.S.S.G. § 1B1.13(2)-(3).)

The Section 3582(c)(1)(A) analysis requires courts to "consider[] the factors set forth in section 3553(a) to the extent they are applicable." *United States v. Gentille*, No. 19 Cr. 590 (KPF), 2020 WL 1814158, at *4 (S.D.N.Y. Apr. 9, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). The factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford

adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (4) the sentencing guidelines; and (5) "the need to provide restitution to any victims of the offense." *Ramos*, 2020 WL 1685812 at *2 (quoting 18 U.S.C. § 3553(a)).

## DISCUSION

### I. EXHAUSTION

Defendant exhausted administrative requirements because he applied for compassionate release/reduction in sentence and the BOP denied his request. (ECF No. 119-1.)

### II. EXTRAORDINARY AND COMPELLING REASONS

Defendant avers that his various underlying health conditions place him at significantly greater risk of life-threatening illness or death should he contract COVID-19. The Government filed, under seal, updated medical records indicating that Defendant received his first dose of the Pfizer-BioNTech COVID-19 vaccine on or about April 12, 2021, and his second dose on or about May 4, 2021. The Court agrees with the Government that the fact that Defendant has been fully vaccinated precludes a finding of extraordinary and compelling circumstances here. *See, e.g.*, *United States v. Santana*, 18-CR-865 (VEC), 2021 WL 1819683, at *2 (S.D.N.Y. May 6, 2021) ("recogniz[ing] the irony that results from denying Mr. Santana's request due, at least in part, to his responsible and laudable decision to receive a COVID vaccine" but nonetheless denying release because "the only potentially extraordinary and compelling factor that would justify granting Mr. Santana compassionate release is the risk of serious illness were he to contract COVID-19" and due to "the efficacy of the COVID vaccines, and specifically the Pfizer vaccine,

3

that risk is minimized to a substantial degree as a result of Mr. Santana having been vaccinated"); *United States v. Torres*, 17 Cr. 444 (RMB), 2021 WL 1687502, at *3 (S.D.N.Y. Apr. 28, 2021) ("Courts in this circuit have found that vaccination mitigates the risk an inmate faces from COVID-19 to the point that he does not face an extraordinary risk from COVID-19." (alterations omitted) (quoting *United States v. Kosic*, 18 Cr. 30(PAC), 2021 WL 1026498, at *3 (S.D.N.Y. Mar. 17, 2021)); *United States v. Pabon*, 17 Cr. 312 (JPC), 2021 WL 603269, at *4 (S.D.N.Y. Feb. 16, 2021) ("The fact that [the defendant] had received both doses of the COVID-19 vaccine means that the likelihood that [he] will contract COVID-19 and become seriously ill is extremely small. He thus has failed to meet his burden of showing . . . an 'extraordinary and compelling' reason justifying his early release.").

### III.     18 U.S.C. § 3553(a) FACTORS

Even if Defendant could demonstrated extraordinary and compelling reasons, the § 3553(a) factors would nonetheless warrant denial of Defendant's motions. Specifically, Defendant pled guilty to a serious crime—trafficking large quantities of heroin—and has engaged in significant obstruction of justice throughout his criminal case, including by filing a false affidavit and fleeing the country while on bail. In light of Defendant's failure to accept responsibility, the Court imposed a sentence of 80 months' imprisonment, a sentence above the mandatory minimum. Defendant has served approximately 35 months, or less than half of his 80-month sentence. In other words, the Court is confident that the sentence imposed remains necessary to reflect the seriousness of Defendant's offense, to promote respect for the law, and to provide just punishment.

## CONCLUSION

For the foregoing reasons, Defendant's motions for compassionate release are DENIED. The Clerk of Court is directed to terminate the motions at ECF Nos. 115 and 119. The Court hereby terminates the telephonic motion hearing conference scheduled for May 28, 2021 at 3:00 P.M.

Dated: May 11, 2021       SO ORDERED.
       White Plains, New York

                                          NELSON S. ROMÁN
                                          United States District Judge