UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -against-

OMAR DIAZ PALMER,
                        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/30/2023

No. 14 CR 788 (NSR) (01)

ORDER

NELSON S. ROMÁN, United States District Judge:

On December 19, 2018, the Defendant Omar Diaz Palmer pled guilty to one count of conspiracy to distribute 500 grams or more of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). (Minute Entry dated December 19, 2018.) On September 11, 2019, this Court sentenced the defendant to 80 months' imprisonment to be followed by four years of supervised release. (ECF No. 110.) On March 21, 2021 and April 18, 2021, Defendant filed pro se motions for compassionate release (ECF No. 115, 119), which the Court denied on May 11, 2021. (ECF No. 121.) On February 27, 2023, Defendant filed a motion for reduction of sentence pursuant to 18 U.S.C. 3582(c)(1)(A). (ECF No. 123.) On November 8, 2023, the Court directed the Government to respond to Defendant's motion. ("Gov't Ltr.," ECF No. 125.) In response, the Government informed the Court that Defendant had been released from custody and requested that the Court dismiss Defendant's motion as moot. For the following reasons, the Court dismisses Defendant's motion for a sentence reduction as moot.

## LEGAL STANDARD

Under the "case or controversy" requirement of Article III of the Constitution, "at all times, the dispute before the court must be real and live, not feigned, academic, or conjectural." *Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet*, 260 F.3d 114, 118 (2d Cir. 2001). A case is moot, and therefore no longer a case or controversy for the purposes of Article III, "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."

1

*Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S.Ct. 721, 184 L.Ed.2d 553 (2013) (internal quotation marks omitted). When a case becomes moot, a district court no longer has subject matter jurisdiction. *See Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994).

## DISCUSION

The Government argues Defendant's motion for reduction of sentence should be denied as moot because Defendant has been released from federal custody. (Gov't Ltr. at 1.) The Court agrees. Per the Federal Bureau of Prison Inmate Locator,[1] Defendant was released from prison on May 9, 2023. Moreover, Defendant was given the statutory minimum four-year term of supervised release. (ECF No. 110.) The Court concludes Defendant no longer has "a continuing stake in the outcome" of his motion, and therefore must deny his motion at moot. *United States v. Garcia*, No. 04 CR 218 (RMB), 2016 WL 4097844, at *2 (S.D.N.Y. July 25, 2016) (citing *United States v. Keith*, 322 F. App'x 28 (2d Cir. 2009)) (denying the defendant's motion for sentence reduction as moot because defendant was released from custody); *see also United States v. Key*, 602 F.3d 492, 493-95 (2d Cir. 2010) (appellate challenge to denial of a motion for sentence reduction dismissed as moot where defendant was released from custody).

## CONCLUSION

For the foregoing reasons, Defendant's motion for sentence reduction is DENIED as moot. The Clerk of Court is directed to terminate the motion at ECF No. 123.

Dated: November 30, 2023         SO ORDERED.
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

---

[1] Available at https://www.bop.gov/inmateloc/.